B18W (Form 18W) (08/07)

# United States Bankruptcy Court

Northern District of Illinois
**Case No. 14–23504**
**Chapter 13**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

  Kristin Marie Romanas
  9145 S. Springfield Avenue
  Evergreen Park, IL 60805

Social Security / Individual Taxpayer ID No.:
  xxx–xx–5861

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR AFTER COMPLETION
## OF CHAPTER 13 PLAN

   It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

   If the trustee has filed and served a notice pursuant to Section B2 (b) of the debtor's plan, and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

FOR THE COURT

Dated: June 9, 2015                    Jeffrey P. Allsteadt, Clerk
                                       United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for most taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                              Case No. 14-23504-ERW
Kristin Marie Romanas                                               Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1         User: cgreen            Page 1 of 1             Date Rcvd: Jun 09, 2015
                             Form ID: b18w          Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 11, 2015.
```
db            +Kristin Marie Romanas,    9145 S. Springfield Avenue,    Evergreen Park, IL 60805-1459
22088547      +Chase,    3415 Vision Drive,    Mail Code OH4-7142,    Columbus, OH 43219-6009
22088548       Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
22088549      +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
22161193      +Lakeview Loan Servicing, LLC C/O,    Pierce & Associates,    1 N. Dearborn Ste 1300,
                Chicago, IL 60602-4373
22088551      +Oak Manor Condominium Association,    c/o Alliance Property Manager,    PO Box 100,
                Palos Park, IL 60464-0100
22088552      +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
22088546      +EDI: CHASE.COM Jun 10 2015 00:53:00      Chase *,    ATTN:  Bankruptcy Department,
                P.O. Box 15298,    Wilmington, DE 19850-5298
22088550       E-mail/Text: camanagement@mtb.com Jun 10 2015 01:16:48      M & T Bank,    Attn: Bankruptcy,
                1100 Wehrle Drive, 2nd Floor,    Williamsville, NY 14221
                                                                                              TOTAL: 2

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 11, 2015                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 9, 2015 at the address(es) listed below:
```
              Andrew J Nelson    on behalf of Creditor    Lakeview Loan Servicing, LLC anelson@atty-pierce.com,
               northerndistrict@atty-pierce.com
              Charles L. Magerski    on behalf of Debtor Kristin Marie Romanas Cmagerski@sulaimanlaw.com,
               courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbadwan@sulaimanlaw.co
               m;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
              Marilyn O Marshall    courtdocs@chi13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Toni Townsend    on behalf of Creditor    Lakeview Loan Servicing, LLC
               toni.townsend@pierceservices.com,    northerndistrict@atty-pierce.com
                                                                                              TOTAL: 5
```